Earle C. MOODY, as Mayor of the City of Dothan, Alabama, and Parnell S. Lewis and James P. Hall, as members of the Board of Commissioners of the City of Dothan, Alabama, and Earle C. Moody, Parnell S. Lewis and James P. Hall, Individually, for themselves, jointly and severally, and for all others similarly situated, Plaintiffs,

v.

MacDonald GALLION, Attorney General of the State of Alabama; Robert Vance, Chairman of the Alabama State Democratic Executive Committee; Alfred Goldthwaite, Chairman of the Alabama State Republican Executive Committee; Carl E. Sellers, Judge of Probate of Houston County, Alabama; A. B. Clark, Sheriff of Houston County, Alabama; William G. Hause, Chairman of the Houston County Democratic Executive Committee; Alfred J. Saliba, Chairman of the Houston County Republican Executive Committee; and Thomas Littlefield, Harley Halstead, W. H. Hicks, W. E. Yance, and J. B. Davis, as members of the Board of Revenue and Control of Houston County, Alabama, Defendants.

Civ. A. No. 860–S.

United States District Court
M. D. Alabama, S. D.
July 1, 1968.

C. R. Lewis, Dothan, Ala., for plaintiffs.

Gordon Madison, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for defendant Attorney General of Alabama.

Truman Hobbs, of Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, Ala., and W. G. Hardwick and Jere C. Segrest, Dothan, Ala., for probate judge, sheriff and board of revenue and control members except J. B. Davis.

Sam C. Pointer, Jr., Birmingham, Ala., for Chairman of State Republican Executive Committee and Chairman of Houston County Republican Executive Committee.

## ORDER

FRANK M. JOHNSON, Jr., Chief Judge.

 This action was commenced by Earle C. Moody, as Mayor of the City of Dothan, Alabama, and others, against Richmond Flowers, the then Attorney General of the State of Alabama, and others, seeking to have the one-man, one-vote principle of Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), applied to the election of the members of the Board of Revenue and Control of Houston County, Alabama. A three-judge court was convened pursuant to 28 U.S.C. §§ 2281, 2284, and a majority of that court concluded that the principles of Reynolds v. Sims had no ap-

plication to the selection of county governing bodies. Moody v. Flowers, 256 F.Supp. 195 (M.D.Ala.1966). On direct appeal, the Supreme Court vacated and remanded the cause on the ground that the three-judge court had been improperly convened.[1] Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (May 22, 1967). A motion for a final decree filed shortly after the remand was continued pending disposition of Avery v. Midland County, Texas.[2] However, a subsequent motion for a final decree, which was filed herein on April 29, 1968, strikes the earlier motion and, relying on Avery, seeks additional relief.

In addition to a declaration of the unconstitutionality of the legislation in question,[3] plaintiffs seek to have a special election ordered for "all five members of the Board of Revenue and Control of Houston County, Alabama, on an at-large basis and without any residence requirements for any of the candidates in such election." The substance of all the objections to a final decree upon this submission is that prior to the entry of any decree this Court should give the Legislature of the State of Alabama an opportunity to correct the malapportionment that exists in Houston County.

*Avery* holds that "the Constitution imposes one ground rule for the development of arrangements of local government: a requirement that units with general governmental powers over an entire geographic area not be apportioned among single member districts of substantially unequal population." 390 U.S. at 485, 88 S.Ct. at 1121. The parties in this case all agree that the Board of Revenue and Control of Houston County, Alabama, exercises "general governmental powers" and that the *Avery* principle is clearly applicable.[4] The only question, therefore, that remains in this

---

1. The mandate in this case provided that the judgment of the three-judge court be "vacated with costs; and that this cause be, and the same is hereby, remanded to the United States District Court for the Middle District of Alabama for further proceedings in conformity with the opinion of this Court." The Supreme Court expressly stated in its opinion that "We indicate no views on the merits." 387 U.S. at 102, 87 S.Ct. at 1548. Nor did either the mandate or opinion direct the entry of a decree. The remand was "to the court which heard each case so that they *may* enter a fresh decree * * *." 387 U.S. at 104, 87 S.Ct. at 1549, emphasis added. Under these circumstances, the law of the case doctrine has no application. The case is treated as upon original submission. This Court adheres to the principles enunciated in its original dissenting opinion in this cause, 256 F.Supp. at 201. Avery v. Midland County, Texas, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (April 1, 1968).

2. On June 12, 1967, the Supreme Court granted certiorari in the case of Avery v. Midland County, Texas, 388 U.S. 905, 87 S.Ct. 2106, 18 L.Ed.2d 1345, decision of which would be dispositive of the issues in this case. The effect of the continuance in this court was to determine that "no action [was] absolutely essential for the protection of the constitutional rights asserted in the complaint" pending decision in *Avery*. Sims v. Frink, 208 F.Supp. 431, 433, 434 (M.D.Ala. 1962), affirmed sub nom. Reynolds v. Sims, supra.

3. The Board of Revenue and Control of Houston County, Alabama, is elected pursuant to Act No. 9 of the 1957 Regular Session of the Alabama Legislature. Acts of Alabama, 1957, Reg.Sess., p. 30. The Board consists of five members, each elected by the qualified electors of the district of which the member must be a resident. Well over half of the county's population—perhaps as much as 70% at present—resides in District Number 5, the City of Dothan. That District, like each of the other four, has only one representative on the Board.

4. In the dissenting opinion on the original submission of this cause, this Court stated that:
"These boards of revenue perform important governmental functions, and are designed to be controlled by the voters over which they have jurisdiction. The exercise of their powers * * * materially and substantially affects the lives, property, and welfare of the citizens of Houston and Randolph Counties." 256 F.Supp. at 201.

case is that of the timing of appropriate relief.[5]

This Court, dissenting from the original three-judge opinion, originally indicated its opinion that the "proper procedure" in this case is to "stay the proceedings to allow the State a reasonable time to adopt a valid scheme of reapportionment" once the Legislature is put on notice of the invalidity of the existing scheme. 256 F.Supp. at 204. *Avery* is such notice.

■■ The basic principle in this area of the law is that "primary responsibility" for reapportionment rests with the legislature.[6] But the responsibility for determining the "timing of relief" rests with the district court.[7] Where the next election to the malapportioned body is sufficiently in the future that it may be reapportioned at an intervening regular session of the legislative body, the appropriate remedy is to retain jurisdiction "to insure that no further elections are held under an unconstitutional scheme" of apportionment.[8]

■ In this regard, all five members of the Board of Revenue and Control of Houston County are elected every four years, and the next regularly scheduled election is in 1970.[9] However, a regular session of the Legislature of Alabama is scheduled to meet in 1969. That Legislature should be given the opportunity to adopt a scheme of apportionment that will comport with the Equal Protection Clause of the Fourteenth Amendment and will best serve the needs of all the citizens of Houston County. Four rather fundamental reasons indicate this result.

■ First, there is a strong policy in favor of allowing a state legislature a "reasonably prompt" opportunity to act to correct a constitutionally defective scheme of apportionment. This has been the policy of this Court—see Sims v. Frink, supra—and of the Supreme Court. Maryland Committee for Fair Representation v. Tawes, 377 U.S. 656, 84 S.Ct. 1429; Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362; WMCA, Inc. v. Lomenzo, 377 U.S. 633, 84 S.Ct. 1418; Lucas v. Forty-Fourth General Assembly of Colorado, 377 U.S. 713, 84 S.Ct. 1459; Roman v. Sincock, 377 U.S. 695, 84 S.Ct. 1449; Davis v. Mann, 377 U.S. 678, 84 S.Ct. 1441.

■ Second, "in awarding or withholding immediate relief, a court is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws." Reynolds v. Sims, supra, 377 U.S. at 585, 84 S.Ct. at 1394. This situation arises where a regular election is imminent under an unconstitutional apportionment scheme. The principles obviously apply even more strongly where— as here—no regular election is imminent, where there exists ample opportunity for the state legislature to correct a patently unconstitutional apportionment scheme, and where the "immediate relief" sought is a special election rather than an injunction against the holding of a general election under an unconstitutional appor-

---

5. At the time of this submission, a full factual record had been developed in earlier proceedings in this cause.

6. Maryland Committee for Fair Representation v. Tawes, 377 U.S. 656, 676, 84 S.Ct. 1429, 12 L.Ed.2d 595 (1964); see Reynolds v. Sims, supra, 377 U.S. at 585–586, 84 S.Ct. 1362.

7. Reynolds v. Sims, supra, 377 U.S. at 585, 84 S.Ct. 1362; WMCA, Inc. v. Lomenzo, 377 U.S. 633, 84 S.Ct. 1418, 12 L.Ed.2d 568 (1964); Lucas v. Forty-Fourth General Assembly of Colorado, 377 U.S. 713, 739, 84 S.Ct. 1459, 12 L.Ed.2d 632

(1964). This responsibility rests with the district court even though the legislature in question may have had an adequate intervening opportunity to correct an unconstitutional scheme of apportionment. Roman v. Sincock, 377 U.S. 695, 84 S.Ct. 1449, 12 L.Ed.2d 620 (1964).

8. Davis v. Mann, 377 U.S. 678, 693, 84 S.Ct. 1441, 1449, 12 L.Ed.2d 609 (1964). See Maryland Committee for Fair Representation v. Tawes, supra n. 6; Reynolds v. Sims, supra.

9. Act No. 9, § 2, n. 3, supra.

tionment scheme. In the instant case, there is no complexity of state election laws which—standing alone—would present an insurmountable barrier to the granting of the relief sought.[10] Nor does the proximity of the forthcoming election bar relief since adequate time remains to select candidates and to conduct a meaningful campaign if such was ordered. However, when the proximity of the election and the deviation which would be necessary from the normal course of Alabama election laws are weighed with the policy of first giving the Legislature an opportunity to act, it appears on "general equitable principles" that the special immediate relief sought in the form of a special election should not be granted.

■ Third, the alternative available to create a satisfactory scheme for the selection of local officials involves numerous peculiarly local factors which are even more complex than a statewide implementation of the one-man, one-vote principle. The method chosen should not be "precipitate" but should reflect a deliberate choice designed not only to insure that all votes are, to the extent practicable, equally weighted, but also to accommodate the conflicting needs of urban and rural voters. The need to proceed deliberately in the face of these problems is implicit in the Supreme Court's opinion in *Avery,* supra, 390 U.S. at 485, 88 S.Ct. at 1120:

> "This Court is aware of the immense pressures facing units of local government, and of the greatly varying problems with which they must deal. The Constitution does not require that a uniform strait jacket bind citizens in devising mechanisms of local government suitable for local needs and efficient in solving local problems. Last

Term, for example, the Court upheld a procedure for choosing a school board that placed the selection with school boards of component districts even though the component boards had equal votes and served unequal populations. Sailors v. Board of Educ., 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed. 2d 650 (1967). The Court rested on the administrative nature of the area school board's functions and the essentially appointive form of the scheme employed. In Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967), the Court permitted Virginia Beach to choose its legislative body by a scheme that included at-large voting for candidates, some of whom had to be residents of particular districts, even though the residence districts varied widely in population.

"The *Sailors* and *Dusch* cases demonstrate that the Constitution and this Court are not roadblocks in the path of innovation, experiment, and development among units of local government. We will not bar what Professor Wood has called 'the emergence of a new ideology and structure of public bodies, equipped with new capacities and motivations * * *.' R. Wood, 1400 Governments, at 175 (1961). Our decision today is only that the Constitution imposes one ground rule for the development of arrangements of local government: a requirement that units with general governmental powers over an entire geographic area not be apportioned among single-member districts of substantially unequal population."

All the material factors and interests which should be considered prior to the adoption of the method of selecting the members of the Board which is best suited to the needs of all the citizens of

---

10. In Alabama, the Democratic Party traditionally selects its candidates by primary election, and, the regular primary having passed, no primary could be held in order to select candidates for such a special election without unwarranted expense. Alternative methods for the selection of candidates are available, however. This Court notes that under § 190, Constitution of Alabama (1901) and Title 17, § 336 Code of Alabama (1940) (Recomp. 1958), primary elections may not be made the compulsory method of selecting candidates for any political party.

Houston County are neither represented before this Court at this time nor clearly identifiable on the present record.

 Finally, this Court remains under a clear duty to act if the Legislature—which has more than ample time available for the purpose—fails to act with "reasonable promptness" in the reapportionment of the Board of Revenue and Control of Houston County. This Court concludes that "reasonable promptness" in this case means the adoption of a satisfactory scheme during the 1969 Regular Session of the Alabama Legislature *at the very latest*. If the Legislature fails to act within that time, or if the method of reapportionment chosen does not meet the constitutional standards, then this Court would still have over a year to discharge its duty of insuring that no further elections are held under the present unconstitutional scheme of apportionment. This Court has recognized this duty and followed a similar course in Sims v. Frink, supra, affirmed sub nom. Reynolds v. Sims, supra. In this regard, we stated:

> "The duty to reapportion rests on the Legislature. This Court acts in the matter reluctantly because of the long-continued default and total inability of the Legislature to reapportion itself. Even under such circumstances, we think that a federal court, in light of its delicate relationship with a state legislature, should so far as is possible, accept such parts of the Acts of the Legislature as have any merit in framing the order of the Court."
>
> \* \* \* \* \* \*
>
> " \* \* \* It is this Court's \* \* \* intention to retain jurisdiction of this case and defer any hearing on plaintiffs' motion for a final injunction until the Legislature, as provisionally reapportioned by this order, has an opportunity to provide for a true reapportionment of both Houses of the Alabama Legislature. The Court hopes that the moderate steps taken by this order may be enough to break the stranglehold. They certainly will not suffice as any permanent reapportionment. If they should prove insufficient to break the stranglehold, *the Court remains under the solemn duty to relieve the plaintiffs and other citizens like situated from further denial of the equal protection of the laws. That much must be accomplished before there can be a final disposition of this case.*" 208 F.Supp. at 441–442, emphasis added.

This course of action was clearly approved by the Supreme Court. 377 U.S. at 586, 84 S.Ct. 1362.

In accordance with the foregoing, it is the order, judgment and decree of this Court that the apportionment of the members of the Board of Revenue and Control of Houston County, Alabama, as established under and by virtue of Sections 1 and 2, Act No. 9 of the 1957 Regular Session of the Legislature of Alabama, which became effective May 24, 1957, be and the same is hereby declared void and unconstitutional.

It is the further order, judgment, and decree of this Court that the defendants, their successors in office, and those acting in their behalf or in concert with them, be and each is hereby enjoined from conducting or permitting the conduction of any election pursuant to Act No. 9 of the 1957 Regular Session of the Legislature of Alabama, which Act creates and establishes a Board of Revenue and Control for Houston County, Alabama, and provides for the election of members to the Board of Revenue and Control for Houston County, Alabama.

It is the further order, judgment and decree of this Court that the motion of the plaintiffs for a final decree filed herein on April 29, 1968, be and the same is hereby stayed pending possible remedial legislation by the Legislature of the State of Alabama.

Jurisdiction of this cause is expressly retained.