L. R. DRIGGERS, as Mayor of the City of Dothan, Alabama, and J. B. McCollough and Frank Gwaltney, as members of the Board of Commissioners of the City of Dothan, Alabama, and Earle C. Moody, Parnell S. Lewis and James P. Hall, individually, for themselves, jointly and severally, and for all others similarly situated, Plaintiffs,

v.

Macdonald GALLION, Attorney General of the State of Alabama; Robert Vance, Chairman of the Alabama State Democratic Executive Committee; J. R. Bennett, Jr., Chairman of the Alabama State Republican Executive Committee; Carl E. Sellers, Judge of Probate of Houston County, Alabama; A. B. Clark, Sheriff of Houston County, Alabama; William G. Hause, Chairman of the Houston County Democratic Executive Committee; Alfred J. Saliba, Chairman of the Houston County Republican Executive Committee; and Thomas Littlefield, Harley Halstead, W. H. Hicks, W. E. Yance, and J. B. Davis, as members of the Board of Revenue and Control of Houston County, Alabama, Defendants.

Civ. A. No. 860-S.

United States District Court
M. D. Alabama, S. D.

Dec. 16, 1969.

C. R. Lewis, Dothan, Ala., for plaintiffs Moody, Lewis and Hall.

J. Robert Ramsey, of Ramsey & Ramsey, Dothan, Ala., for plaintiffs Driggers, McCollough and Gwaltney.

Gordon Madison, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for defendant Atty. Gen. of Alabama.

Truman Hobbs, of Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, Ala., and W. G. Hardwick and Jere C. Segrest, of Hardwick, Hause & Segrest, Dothan, Ala., for probate judge, sheriff and members of Board of Revenue and Control except J. B. Davis.

Sam C. Pointer, Jr., of Brown, Pointer & Pointer, Birmingham, Ala., for Chairman of State Republican Executive Committee and Chairman of Houston County Republican Executive Committee.

William G. Hause, Dothan, Ala., and Robert Vance, Birmingham, Ala., pro se.

## ORDER

FRANK M. JOHNSON, Jr., Chief Judge.

This action was brought by Earle C. Moody, as Mayor of the City of Dothan, Alabama, and others, against Richmond Flowers, the then Attorney General of the State of Alabama, and others, seeking to have the one-man, one-vote principle of Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), applied to the election of the members of the Board of Revenue and Control of Houston County, Alabama. The Board is the general governing body of the county.

A three-judge court was convened pursuant to 28 U.S.C. §§ 2281 and 2284, and a majority of that court concluded that the principles of Reynolds v. Sims had no application to the selection of county governing bodies. Moody v. Flowers, 256 F. Supp. 195 (M.D.Ala.1966). On direct appeal, the Supreme Court vacated and remanded the cause on the ground that the three-judge court had been improperly convened. Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967). The Supreme Court at that time expressly declined to express any view on the merits of the action; subsequently, however, that Court decided Avery v. Midland County, Texas, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968), extending the one-man, one-vote principle to county governing bodies.

By order entered July 1, 1968, this Court declared the apportionment of Houston County for the election of the members of the Board of Revenue and Control as established under and by virtue of Sections 1 and 2, Act 9 of the 1957 Regular Session of the Legislature of the State of Alabama, void and unconstitutional, and enjoined the defendants from conducting any election pursuant to Act 9. 286 F.Supp. 653. This Court stayed further relief "pending possible remedial legislation by the Legislature of the State of Alabama," and retained jurisdiction of the cause so that it could grant further relief should the Legislature fail to act with "reasonable promptness"—defined to mean "the adoption of a satisfactory scheme during the 1969 Regular Session of the Alabama Legislature *at the very latest.*"

The Legislature has acted to reapportion Houston County by enacting two bills. Act 937, approved by the Governor on September 12, 1969, divides Houston County into four districts:

District 1: Beats 1, 2, 4, 5, 6, 7 and 15

District 2: Beat 17 (Wards 1 and 4)

District 3: Beat 3 (Wards 2 and 3)

District 4: Beats 8, 9, 10, 11, 12, 13, 14, 16 and 18

Each district nominates and elects one commissioner, who must be a resident and qualified elector of that district.

Act 938 was approved the same day. It replaced the Board of Revenue and Control for Houston County with a "Houston County Board of Commissioners" composed of the four commissioners elected from the four districts and a chairman, elected at large, who can vote only to break a tie vote.

The plaintiffs filed a motion on September 24, 1969, for a final decree challenging the legislative reapportionment plan on the grounds that the four districts were not equal in population and that Dothan continued to be discriminated against because the new districts were gerrymandered to dilute the votes of the Dothan city residents living outside the "ring road".

The defendants answered on October 13, 1969, requesting the Court to approve the legislative plan as implemented by the Board at a special meeting held October 1, 1969.

By order entered October 20, 1969, this Court permitted the substitution of L. R. Driggers, as Mayor of the City of Dothan, and J. B. McCollough and Frank Gwaltney, as Associate Commissioners of the Board of Commissioners of the City of Dothan for Earle C. Moody, Parnell S. Lewis and James P. Hall in their official capacities as mayor and members of the Board of Commissioners of the City of Dothan. The order permitted Moody, Lewis and Hall to remain as parties plaintiff in their individual capacities. The substituted plaintiffs seek an adjudication that the provisions of Acts 937 and 938 are valid and comport with the equal protection clause of the Constitution of the United States.

This Court finds that the reapportionment plan provided for by Acts 937 and 938 fails to satisfy the requirements of the equal protection clause of the Constitution and that the Acts are unconstitutional and therefore null and void. The Supreme Court has declared that every resident of a local governmental unit:

* * * as a resident of [the county] has a right to a vote for the [governing body] of substantially equal weight to the vote of every other resident.

Avery v. Midland County, 390 U.S. 474, 476, 88 S.Ct. 1114, 1116, 20 L.Ed.2d 45 (1968).

The reapportionment plan which is before this Court fails to provide for votes of substantially equal weight as that term has been defined by the Supreme Court. See Kirkpatrick v. Preisler, 394 U.S. 526, 89 S.Ct. 1225, 22 L.Ed.2d 519 (1969); Wells v. Rockefeller, 394 U.S. 542, 89 S.Ct. 1239, 22 L.Ed.2d 519 (1969). There is more than a little disagreement among the parties as to the population of the four districts into which the reapportionment plan has divided Houston County. Assuming *arguendo* that the defendants' figures are correct, the four districts are not sufficiently equal in population to pass the constitutional requirement that "as nearly as is practicable one man's vote * * * is to be worth as much as another's." Wesberry v. Sanders, 376 U.S. 1, 7–8, 84 S.Ct. 526, 530, 11 L.Ed.2d 481 (1964). Even using defendants' figures there is more than a ten percent difference between the smallest and the largest districts. The proponent of any districting plan has the burden to justify deviations from equality either by showing that absolute equality is impracticable or by demonstrating that there is a legally acceptable justification for the population variances. Kirkpatrick v. Preisler, *supra*, 394 U.S. at 532, 89 S.Ct. 1225. This Court is not convinced that greater equality is not practicable; nor has any other justification for such large variations been presented. The desire to guarantee representation of the rural parts of Houston County is not a legally acceptable justification for the variances.

In accordance with the foregoing, it is the order, judgment and decree of this Court that the apportionment of Houston County for the election of the members of the Houston County Board of Commissioners, as established under and by virtue of Act 937 and Section 3 of Act 938 of the 1969 Regular Session of the Legislature of Alabama and the action creating Beats 15, 16, 17 and 18 and districting Beats 3 and 7 taken by the Houston County Board of Revenue and Control at a special meeting held October 1, 1969, be and the same is hereby declared void and unconstitutional.

It is the further order, judgment and decree of this Court that the defendants, their successors in office, and those acting in their behalf or in concert with them, be and each is hereby enjoined from conducting or permitting to be conducted any election pursuant to Acts 937 and 938 of the 1969 Regular Session of the Alabama Legislature.

It is the further order, judgment and decree of this Court that the defendants, their successors in office, and those acting in their behalf or in concert with them, be and each is hereby enjoined from failing to conduct or cause to be conducted not later than November, 1970, an election at large for the commissioners and chairman of the Board of Commissioners of Houston County, Alabama. The nominees shall not be required to be residents of any particular section of Houston County. Provided, however, that nothing herein shall prevent the Legislature of Alabama from providing for a plan of apportionment which meets constitutional requirements. Such a plan may be substituted for at-large elections upon approval by this Court.

It is the further order, judgment and decree of this Court that jurisdiction of this cause be and the same is hereby retained until a constitutionally acceptable apportionment plan is enacted by the Legislature of Alabama and approved by this Court.