MOODY ET AL *v.* FLOWERS ET AL.

No. 624.   Argued April 17–18, 1967.—Decided May 22, 1967.*

---

*Together with No. 491, *Board of Supervisors of Suffolk County et al.* v. *Bianchi et al.*, on appeal from the United States District Court for the Eastern District of New York.

98

*Charles S. Rhyne* argued the cause for appellants in No. 624. With him on the briefs were *Brice W. Rhyne* and *C. R. Lewis.*

*Stanley S. Corwin* argued the cause for appellants in No. 491. With him on the briefs were *Reginald C. Smith, Howard M. Finkelstein* and *Pierre G. Lundberg.*

*Truman Hobbs* argued the cause for appellees in No. 624. With him on the brief were *MacDonald Gallion,* Attorney General of Alabama, and *Gordon Madison,* Assistant Attorney General.

*Frederic Block* and *Richard C. Cahn* argued the cause and filed a brief for appellees in No. 491.

*Francis X. Beytagh, Jr.,* argued the cause *pro hac vice* for the United States, as *amicus curiae,* urging reversal in No. 624 and affirmance in No. 491. With him on the brief were *Solicitor General Marshall, Assistant Attorney General Doar* and *Bruce J. Terris.*

Briefs of *amici curiae* were filed in both cases by *Louis J. Lefkowitz,* Attorney General, *pro se,* and *Daniel M.*

*Cohen, Robert W. Imrie* and *George D. Zuckerman,* Assistant Attorneys General, for the Attorney General of the State of New York, and by *Morris H. Schneider* and *Seymour S. Ross* for the County of Nassau. *Richard C. Cahn, Walter Maclyn Conlon* and *Robert G. Dixon, Jr.,* filed a brief for the Towns of Babylon et al., as *amici curiae,* urging affirmance in No. 491. Members of the Board of Supervisors of the County of Nassau filed a brief, as *amici curiae,* in No. 491.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

The threshold question in these cases is whether this Court has jurisdiction under 28 U. S. C. § 1253 on direct appeals from the decisions of the respective District Courts purportedly convened pursuant to 28 U. S. C. § 2281. The answer to that question in turn depends upon whether the three-judge courts in these cases were properly convened.

In No. 624, appellants attack the validity of an Alabama statute (Ala. Laws 1957, Act No. 9, p. 30) prescribing the apportionment and districting scheme for electing members of the Houston County Board of Revenue and Control. Under the statute, the Board consists of five members, each elected by the qualified electors of the district of which he is a resident. The challenged statute prescribes the areas constituting the various districts. The action is brought against the appellees, including some state officials, seeking a declaration that the statute is invalid and an injunction prohibiting its enforcement, and requesting that the court order at-large elections until the State Legislature redistricts and reapportions the Board on a population basis. The theory is that the apportionment and districting scheme results in the overrepresentation of certain areas and the underrepresentation of others. The complaint also requested

the convening of a three-judge court. A three-judge court was convened and the complaint was dismissed. 256 F. Supp. 195. We noted probable jurisdiction, 385 U. S. 966.

In No. 491, appellees brought an action against appellants, members of the Suffolk County Board of Supervisors, seeking a declaration that so much of § 203 of the Suffolk County Charter (N. Y. Laws 1958, c. 278) as provides that each supervisor shall have one vote as a member of the Suffolk County Board of Supervisors violates the Fourteenth Amendment and an injunction prohibiting the appellants from acting as a Board of Supervisors unless and until a change in their voting strength is made, and requesting the convening of a three-judge court. The 10 towns of Suffolk County, New York, elect, by popular vote, a supervisor every two years. The supervisor is the town's representative on the Suffolk County Board of Supervisors. Suffolk County Charter § 201. And, each supervisor is entitled to one vote on the County Board of Supervisors. Suffolk County Charter § 203. Pursuant to Art. 9, §§ 1 and 2, of the New York Constitution, the State Legislature approved a charter for the county containing, *inter alia*, the above provisions. N. Y. Laws 1958, c. 278.

Appellees claim that granting each supervisor one vote regardless of the population of the town which elected him results in an overrepresentation of the towns with small populations and underrepresentation of towns with large populations.

A three-judge court was convened and it declared § 203 of the Suffolk County Charter invalid because in conflict with the Equal Protection Clause of the Fourteenth Amendment, and ordered the Board to submit to the county electorate a plan for reconstruction of the Board so as to insure voter equality. 256 F. Supp. 617. We noted probable jurisdiction. 385 U. S. 966.

This Court has jurisdiction of these direct appeals under 28 U. S. C. § 1253 only if the respective actions were "required . . . to be heard and determined by a district court of three judges." Section 2281 of 28 U. S. C. requires that a three-judge court be convened in any case in which a preliminary or permanent injunction is sought to restrain "the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute . . . ." The purpose of § 2281 is "to prevent a single federal judge from being able to paralyze totally the operation of an entire regulatory scheme . . . by issuance of a broad injunctive order" (*Kennedy* v. *Mendoza-Martinez,* 372 U. S. 144, 154) and to provide "procedural protection against an improvident state-wide doom by a federal court of a state's legislative policy." *Phillips* v. *United States,* 312 U. S. 246, 251. In order for § 2281 to come into play the plaintiffs must seek to enjoin state statutes "by whatever method they may be adopted, to which a State gives her sanction . . . ." *American Federation of Labor* v. *Watson,* 327 U. S. 582, 592–593.

The Court has consistently construed the section as authorizing a three-judge court not merely because a state statute is involved but only when a state statute of general and statewide application is sought to be enjoined. See, *e. g., Ex parte Collins,* 277 U. S. 565; *Ex parte Public National Bank,* 278 U. S. 101; *Rorick* v. *Board of Commissioners,* 307 U. S. 208; *Cleveland* v. *United States,* 323 U. S. 329, 332; *Griffin* v. *School Board,* 377 U. S. 218, 227–228. The term "statute" in § 2281 does not encompass local ordinances or resolutions. The officer sought to be enjoined must be a state officer; a three-judge court need not be convened where the action seeks to enjoin a local officer (*Ex parte Collins, supra; Rorick* v. *Board of Commissioners, supra*) unless he is

functioning pursuant to a statewide policy and performing a state function. *Spielman Motor Sales Co.* v. *Dodge*, 295 U. S. 89. Nor does the section come into operation where an action is brought against state officers performing matters of purely local concern. *Rorick* v. *Board of Commissioners, supra.* And, the requirement that the action seek to enjoin a state officer cannot be circumvented "by joining, as nominal parties defendant, state officers whose action is not the effective means of the enforcement or execution of the challenged statute." *Wilentz* v. *Sovereign Camp,* 306 U. S. 573, 579–580.

In No. 624, the constitutional attack was directed to a state statute dealing with matters of local concern— the apportionment and districting for one county's governing board. The statute is not a statute of statewide application, but relates solely to the affairs of one county in the State. The fact that state officers were named as defendants cannot change the result.

It is said that there is enough similarity between this law and the laws governing other Alabama counties as to give this case a statewide interest. It is said that 29 counties having a city of consequence located within their borders have the same "crazy quilt" of malapportionment to insure rural voters' control. It is said that 32 other counties provide for election of county board members at large but with a local residence requirement which insures rural control. It is said that six rural counties elect their governing bodies on an at-large basis with no local residence requirement. We indicate no views on the merits. But we do suggest that even a variety of different devices, working perhaps to the same end, still leaves any one device local rather than statewide for purposes of the statutory three-judge court.

In No. 491, the constitutional attack is directed at provisions of a county charter providing that the county governing board shall be composed of the supervisors of

the several towns and that each supervisor shall have one vote. The county charter is similar to a local ordinance, a challenge to which cannot support a three-judge court. The fact that the charter was enacted into state law does not change the result. The charter provisions plainly relate only to one county and the statute enacting the charter is similarly limited. It does not remotely resemble a state statute of general, statewide application. It is a statute dealing solely with matters of local concern. Nor was the action brought against "state officers" within the meaning of the statute; it was brought to enjoin local officers acting solely with reference to local matters.

It is argued, however, that the alleged malapportionment reflected in the charter is also reflected in § 150 and § 153 of the New York County Law, which does have a statewide application, and that the provisions of the charter here challenged are actually interchangeable with § 150 and § 153 of the County Law.[1] It is also argued that to get rid of this alleged malapportionment the Court would have to declare unconstitutional not only the provisions of the charter but also § 150 and

---

[1] Section 150 of the N. Y. County Law (1950) provides that "[t]he supervisors of the several cities and towns in each county . . . shall constitute the board of supervisors of the county" and § 153 subd. 4 provides for a majority vote of the supervisors with respect to actions of the Board of Supervisors where "no proportion of the voting strength for such action is otherwise prescribed." But § 2 of the N. Y. County Law provides that the provisions of the law shall not apply "in so far as they are in conflict with or in limitation of a provision of any alternative form of county government . . . adopted by a county pursuant to section two of article nine of the constitution, or any . . . county government law or civil divisions act enacted by the legislature and applicable to such county . . . , or in conflict with any local law . . . adopted by a county under an optional or alternative form of county government . . . unless a contrary intent is expressly stated in [the law]."

§ 153 of the County Law. The complaint, however, challenges only the charter. It makes no challenge of any statewide law. And the three-judge court considered it as an attack only on the charter. 256 F. Supp. 617.[2]

We therefore do not accept the invitation to get into the niceties of the relationship between the provisions of the charter and the New York County Law, but take the complaint as we find it for purposes of the jurisdictional question, and conclude on the face of the complaint that we have only an alleged malapportionment under a county charter.

Since the "statute" in each of these cases is one of limited application, concerning only a particular county involved in the litigation, a three-judge court was improperly convened. Appeals should, therefore, have been taken to the respective Courts of Appeals, not to this Court. Since the time for perfecting those appeals may have passed, we vacate the judgments and remand the causes to the court which heard each case so that they may enter a fresh decree from which appellants may, if they wish, perfect timely appeals to the respective Courts of Appeals. *Phillips* v. *United States, supra,* at 254.

*Decrees vacated.*

---

[2] And see *Bianchi* v. *Griffing,* 238 F. Supp. 997, where the three-judge court in this case denied the motion to dismiss and denied the motion for an injunction against the continued operation of the Board, pending legislative or other political action to correct the alleged malapportionment.