DESERT OUTDOOR ADVERTISING,
INC., a corporation, et al.,
Plaintiffs,

v.

COUNTY OF RIVERSIDE, a political sub-
division of the State of California,
et al., Defendants.

No. 67–1074.

United States District Court
C. D. California.

Oct. 9, 1967.

Waldron & Bryant, Santa Ana, Cal.,
for plaintiffs.

Ray T. Sullivan, Jr., County Counsel,
Tilden L. Brooks and Steven A. Broiles,
Riverside, Cal., for defendants.

ORDER    DENYING    INJUNCTION
AND   STAYING   FURTHER
PROCEEDINGS

HALL, District Judge.

The defendants have filed a motion to
dismiss the First Amended Complaint
for Injunction and Declaratory Relief.

In the first three causes of action of
the plaintiffs' Complaint they seek to
enjoin an enforcement of the ordinance
of the County of Riverside under which
the plaintiffs assert the County is now
prosecuting them criminally for main-
taining billboards contrary to the ordi-
nance.   The last two causes of action at-
tack the ordinance on the ground that it
is in violation of the United States Con-
stitution.

Inasmuch as it is a county ordi-
nance instead of a state law, it is clear
that a three-judge court need not be
convened.   Moody v. Flowers, 387 U.S.

**600**

97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (5/22/67).

█ It appears that in addition to the criminal proceedings pending in the State court there are two actions pending in the Superior Court of Riverside County challenging the validity of the same ordinances and conduct challenged by the plaintiffs here in their First Amended Complaint.

It cannot be said that this Court does not have jurisdiction of the action, but in view of the fact that the same questions are in litigation in the State court and were when the within action was filed here, this Court out of "appropriate regard 'for the rightful independence of state governments' " deems "that it is a wise and permissible policy for the federal chancellor to stay his hand in absence of an authoritative and controlling determination by the state tribunals. * * * [and] avoid * * * any 'needless friction with state policies.' " Chicago v. Fieldcrest Dairies (1942), 316 U.S. 168 at 172, 62 S.Ct. 986 at 988, 86 L.Ed. 1355.

The Court, therefore, feels that in proper respect to the doctrine of comity it should and does deny the injunction and stay all further proceedings in the within action until final adjudication in the State court proceedings now pending, or further order of this Court on motion for good cause.

█ The plaintiffs argue that the first three causes of action are based upon the 1965 Highway Beautification Act, 23 U.S.C. § 131, which the plaintiffs contend would permit their billboards to remain until July 1, 1970, and in any event to be lawfully compensated in eminent domain. But that Act specifically provides that such billboards must be *"lawfully"* in existence. And whether or not such boards are *"lawfully"* in existence are questions of State law which can better be resolved by the State courts than any preliminary guess on the part of this Court as to how the State should construe its own statutes or the laws and ordinances of any of its political subdivisions.