**NEWPORT NEWS FIRE FIGHTERS ASSOCIATION, LOCAL 794, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, a Class Action, and Newport News Fraternal Order of Police, a Class Action, Plaintiffs,**

v.

**CITY OF NEWPORT NEWS, VIRGINIA, a Municipal Corporation, C. L. Kegley, Chief, City of Newport News Fire Department, W. F. Peach, Chief, City of Newport News Police Department, W. E. Lawson, City Manager, City of Newport News, Virginia, Donald M. Hyatt, Mayor, City of Newport News, Virginia, Willard M. Robinson, Commonwealth Attorney, City of Newport News, Va., Defendants.**

Civ. A. No. 83–69–NN.

United States District Court
E. D. Virginia,
Newport News Division.
Sept. 23, 1969.

13. *See* Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

F. Lee Cogdill, Newport News, Va., for plaintiffs.

Robert V. Beale, Newport News, Va., for defendants.

## MEMORANDUM ORDER

KELLAM, District Judge.

Plaintiffs, representing themselves as members of a class on behalf of whom this action is brought, seek a declaratory judgment and preliminary and permanent injunctions against the defendants, restraining the enforcement, operation, and execution of the Commonwealth of Virginia's Senate Joint Resolution No. 12, entitled "Unionization of officers and employees of the Commonwealth," agreed to February 8, 1946,[1] certain Rules and Regulations of the Division of Fire, City of Newport News,[2] and certain Rules and Regulations of the Bureau of Police, City of Newport News.[3]

Plaintiffs complain that their rights to organize and participate in their associations and organizations—Newport News Fire Fighters Association and Newport News Fraternal Order of Police—are abridged by the acts of the defendants in the enforcement, operation, and execution of the said Senate Joint Resolution, and the Fire Division and Bureau of Police rules and regulations. They assert that as a result thereof, members of their class or classes have been limited in promotions, terms and conditions of employment, and threatened with loss of their jobs, all in violation of their rights under the United States Constitution of (1) freedom of speech, freedom of press, and freedom of assembly, including the right to organize, petition, and bargain, as provided in the First Amendment, and (2) the abridgment of their rights under the Due Process and Equal Protection clauses of Amendment XIV.

Plaintiffs seek to have a three-judge court convened pursuant to the provisions of 28 U.S.C.A. § 2281.[4] The stat-

1. Acts of Assembly, 1946, page 1006—Appendix 1.

2. Appendix 2.

3. Appendix 3.

4. Appendix 4.

ute cited prohibits any district court or district judge from granting an injunction restraining the enforcement of a state statute or the order of an administrative board or commission acting under state statute.

Defendants contend that Senate Joint Resolution No. 12 is not a state statute and does not have the effect of law. Hence, it is not within the scope of Section 2281.

■ Section 2281 pertains only to state statutes of general and statewide application. The officer sought to be enjoined thereunder must be a state officer. The requirements of this section cannot be circumvented by joining as a nominal defendant a state official who in reality does not possess the effective means of enforcing the statute whose constitutionality is challenged. Moody v. Flowers, 387 U.S. 97, 101, 87 S.Ct. 1544, 18 L.Ed.2d 643; City of Cleveland v. United States, 323 U.S. 329, 65 S.Ct. 280, 89 L.Ed. 274. This section is "inapplicable to suits challenging local ordinances or statutes having only local application." City of Cleveland v. United States, supra. If the defendants, even though acting under a state law, were "doing so as local officials and on behalf of the locality and not as officers of the state, the section is inapplicable to suits to restrain them." City of Cleveland v. United States, supra 323 U.S. 329, 332, 65 S.Ct. 280, 282.

During the 1946 Session of the Virginia General Assembly, twenty-seven Senate Joint Resolutions were "agreed to." The subject matter of them was varied and dealt with such matters as declining prices in the Abingdon Tobacco Market; expressing the sense that preference should be given veterans of World Wars I and II in filling vacancies arising in positions in state services; studies; regrets of death and illness; appreciation and commendation; an invitation to the Honorable Winston Spencer Churchill and Lady Astor to address a joint session of the Legislature; appreciation of the address delivered by Sir Winston Churchill; appreciation for a visit by General Dwight D. Eisenhower; and, a reaffirmation of belief in freedom of the press.

■ In most jurisdictions, including Virginia, resolutions of the legislatures are not laws and are to be distinguished from statutes. S. H. Hawes & Co. v. Wm. R. Trigg Co., 110 Va. 165, 65 S.E. 538, 552;[5] Moran v. LaGuardia, 270 N.Y. 450, 1 N.E.2d 961, 104 A.L.R. 1160, 1161; Boyer-Campbell Co. v. Fry, 271 Mich. 282, 260 N.W. 165, 98 A.L.R. 827, 835, Mich. S.Ct. 1935; Vol. 50 Am.Jur. § 4, Title Statutes, Vol. 81 C.J.S. States § 40; Vol. 82 C.J.S. Statutes §§ 1, 20, 35. "Legislative resolutions are not law," Boyer-Campbell Co. v. Fry, supra, and a resolution "of the Legislature is not effective to modify or repeal a statutory enactment." Moran v. LaGuardia, supra.

■ If the Virginia General Assembly had wished to give general and statewide legal impetus to the provisions of Senate Joint Resolution No. 12, it had ample means and opportunity at its disposal to do so by enacting it as a statute. The Constitution of Virginia, § 50, under which the Legislature operates, required that "No law shall be enacted except by bill," and that before passage it must follow the prescribed procedure. Short of this, the resolution expresses only the opinion of that legislative body.

■ As for the Newport News fire and police rules and regulations, they are local and promulgated pursuant to authority of the City Charter. No other claim is made for them.

Hence, there is no state statute of general and statewide application in issue.

■■ Willard M. Robinson, Jr., Commonwealth's Attorney for the City of Newport News, Virginia, and one of the

5. This decision modified in United States v. Ansonia Brass and Copper Co., 218 U.S. 452, 31 S.Ct. 49, 54 L.Ed. 1107, but the effect of a joint resolution as opposed to a statute not determined in Supreme Court.

named defendants, filed a motion to dismiss him as a party defendant. A Commonwealth's Attorney is a constitutional officer of the Commonwealth of Virginia, § 119, Constitution of Virginia. He is not an officer or employee of a county. Hilton v. Amburgey, 198 Va. 727, 96 S.E.2d 151; Burnett v. Brown, 194 Va. 103, 72 S.E.2d 394. A Commonwealth's Attorney for a city has the same duties as one for a county. Code of Virginia, 1950, § 15.1–822. The duties of this constitutional officer are not enumerated, although the Code of Virginia, 1950, § 15.1–821, states he shall "be the attorney for the Commonwealth." Since the Senate Joint Resolution does not have the standing of a state statute, there are no Commonwealth connotations which would require the Commonwealth of Virginia to be represented by its Attorney in the City of Newport News. The Rules and Regulations of the Division of Fire and Bureau of Police are certainly local in nature. Nor has any allegation of violation of a state statute been made which would warrant the Commonwealth's Attorney's attention or his action. The mere fact a state officer is named as a party defendant does not bring the action within the provisions of § 2281, for the section does not "come into operation where an action is brought against state officers performing matters of purely local concern" and "the requirement that the action seek to enjoin a state officer cannot be circumvented 'by joining, as nominal parties defendant, state officers whose action is not the effective means of the enforcement or execution of the challenged statute.'" Moody v. Flowers, supra [387 U.S. 97, 102, 87 S.Ct. 1544, 1548, 18 L.Ed.2d 643]. The Commonwealth's Attorney is not a proper party.

It is therefore ordered that:

1. The plaintiffs' motion to convene a three-judge court is denied.

2. The Commonwealth's Attorney for the City of Newport News, Virginia, is not a proper party and his motion to dismiss the suit as to him is granted, and he is dismissed as a party defendant.

3. Copy of this opinion and order be forwarded to all counsel.

### APPENDIX I

Senate Joint Resolution No. 12

"BE IT RESOLVED by the Senate of Virginia, the House of Delegates concurring, as follows:

1. It is contrary to the public policy of Virginia for any State, county, or municipal officer or agent to be vested with or possess any authority to recognize any labor union as a representative of any public officers or employees, or to negotiate with any such union or its agents with respect to any matter relating to them or their employment or service.

2. Nothing in this resolution shall be construed to prevent employees of the State, its political subdivisions, or of any governmental agency or any of them forming organizations, not affiliated with any labor union for the purpose of discussing with the employing agency the conditions of their employment, but not claiming the right to strike."

### APPENDIX II

Rules and Regulations—Division of Fire

Article 26—General Rules

50. —"Active participation in politics is forbidden, and beyond voting, no member shall take part in political contests, or engage in any public controversy concerning candidates or issues."

53. —"No member shall contribute to any fund for purpose of securing any change in law, ordinances or rules relating to the department, nor, except through petition to the Chief, participate directly or indirectly in any movement having for its object the effecting of such change, but any member or members shall have the right to petition the Chief, in order to secure such change."

APPENDIX III

Rules and Regulations, Bureau of Police

Chapter XI—Penalties and Violation of Rules and Regulations.

"Section 11.1—The City Manager will hear all charges preferred against members of the Police Department and determine penalties.

Section 11.2—Penalties for violation of Rules and Regulations of the Newport News Police Department shall be punishable by reprimand, suspension without pay, reduction in rank or grade, or discharge, as determined in each case by the City Manager."

Chapter III

"Section 3.12.—Joining Labor Union.

Members of the Bureau are prohibited from joining any police union labor organization or any other association of like or similar purposes.

Section 3.13.—Legislative Activity.

No member of the Bureau shall join or become a member of any club or association intended to influence legislation affecting the Bureau of any member or members thereof; nor shall he contribute to any fund for such purpose without the consent of the Chief of Police and Director."

APPENDIX IV

28 U.S.C.A. Section 2281

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."