**Fred BAUGHMAN, as parent and on behalf of Lynne and Beth Baughman, minors, et al.**

**v.**

**William FREIENMUTH, President, Montgomery County Board of Education.**

**Civ. No. 21484.**

United States District Court, D. Maryland.

July 14, 1970.

Edward L. Genn, Silver Spring, Md., for plaintiffs.

Robert S. Bourbon, Rockville, Md., and Francis B. Burch, Atty. Gen., of Maryland and Malcolm R. Kitt, Asst. Atty. Gen., of Maryland, for defendant.

MEMORANDUM AND ORDER

NORTHROP, Chief Judge.

The plaintiffs, on behalf of themselves and their minor children, seek to have

their cause heard by a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284. Their suit has been brought to challenge certain regulations and procedures of the Montgomery County Board of Education, and a decision of the State Board of Education, dealing specifically with the procedures to be followed by students wishing to disseminate student-prepared, non-school sponsored publications at their schools. For the reasons which will appear below, this court concludes that the issues involved herein are not proper subjects for a three-judge court, and consequently should be heard by a single judge.

The basic facts involved in this action are undisputed. On November 11, 1969, the Montgomery County Board of Education had in effect certain rules, regulations and policies which required review by the principal of Montgomery County schools of all student publications published without school sponsorship, prior to distribution of any kind. On that date, the minor plaintiffs in this case, along with certain others, distributed a "Position Paper," without submitting it to the principal of their school. While the substance of this paper is unimportant to the present litigation, it was in fact a paper critical of the policy, rules and regulations outlined above. In response to this distribution, the Principal wrote a letter to the parents of these plaintiffs, advising them that their children had engaged in an unauthorized distribution of material, and that further infractions would result in "immediate disciplinary action." On December 3, 1969, this suit was filed, challenging the validity of this regulatory scheme, and requesting that the files of the plaintiffs and others be expunged of any reference to disciplinary action taken in connection with the incident of November 11, 1969.

The defendants filed a motion to dismiss, and, on March 19, 1970, this court denied the motion to dismiss insofar as it related to the question of exhaustion of state remedies, but abstained from further consideration of other substantive issues raised therein pending consideration of the question by the Maryland State Board of Education. On April 2, 1970, after consideration of the questions raised, the State Board of Education issued an opinion and decision which, in effect, altered greatly the contested restrictions with respect to high-school students, altered them to a lesser degree with respect to junior high, or middle school students, and left the school administration with complete discretion with respect to elementary school students.

The State then moved to dismiss the complaint on the grounds of mootness, and the plaintiffs subsequently amended their complaint to include plaintiffs in both the junior high and elementary grades, and to attack the constitutionality of the State Board's recently promulgated order. The plaintiffs further requested preliminary and permanent injunctions to prevent the defendants from enforcing the Decision and Order of the State Board of Education of April 2, 1970. On May 27, 1970, the Maryland State Board of Education stayed its decision of April 2, 1970.

The only question before this court at this time is the request by the plaintiffs for the convening of a three-judge court. This court feels that the stay of May 27, 1970 of the April 2 order is dispositive of the issue.

Section 2281 of Title 28, U.S.C. provides that:

An interlocutory or permanent injunction restraining the enforcement, operation, or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and

determined by a district court of three judges under section 2284.

It is clear that this section contemplates a real interest in actual or threatened state action which would impinge upon those rights guaranteed by the Constitution. *See* Gilmore v. James, 274 F. Supp. 75 (N.D.Texas) (three-judge court), aff'd, 389 U.S. 572, 88 S.Ct. 695, 19 L.Ed.2d 783 (1968). It is equally clear that such an interest is not present when the statute or administrative order in question is not in force. *Cf.* United States v. Sullivan, 270 F.Supp. 236(D.Conn.1967), aff'd, 398 F.2d 672 (2d Cir. 1968), rev'd on other grounds, 395 U.S. 169, 89 S.Ct. 1648, 23 L.Ed.2d 182 (1969). The effect of such a stay is to leave the situation in the same state it was in before any consideration by the State Board of Education. Therefore, the only regulations properly before this court are those of the Montgomery County School Board, which do not present issues for resolution by a three-judge court. Madera v. Board of Education, 267 F.Supp. 356 (S.D.N.Y.), rev'd on other grounds, 386 F.2d 778 (2d Cir. 1967), cert. denied, 390 U.S. 1028, 88 S.Ct. 1416, 20 L.Ed.2d 284 (1968).

It should also be noted that even if this order were construed to be still in effect, the State Board of Education has no jurisdiction over the Baltimore City school system. *See* 50 Op.Att'y Gen'l of Md. 173 (1965). *See also* Hooper v. New, 85 Md. 565, 37 A. 424 (1897). Therefore, it is highly questionable whether an order of the State Board of Education would constitute a statewide order sufficient to justify convening a three-judge court. Sailors v. Board of Education, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967); Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed. 2d 643 (1967).

In any event, by virtue of the stay of its order by the Maryland State Board of Education, this court is of the opinion that it is not presented with a proper subject for the convening of a three-judge court.