Dr. Allen DAHL, Lyle Einhaus, Dr. Frank J. Rigos, Kenneth Rogstad, Dr. Richard Clark, Dennis G. Hagen, Selmer Thorp, and Dr. Charles R. Wolfe, Plaintiffs,

v.

The REPUBLICAN STATE COMMITTEE; and C. Montgomery Johnson, Chairman, Defendants.

James Michael RYHERD and Paul Pedersen, Intervening Plaintiffs,

v.

The DEMOCRATIC STATE COMMITTEE and Neale Chaney, Chairman, Additional and Third Party Defendants.

No. 7557.

United States District Court,
W. D. Washington,
at Seattle.
Oct. 26, 1970.

Alfred J. Schweppe, Russell A. Austin, Jr., James S. Munn, Seattle, Wash., for plaintiffs.

Daniel Brink, Edward N. Lange, Seattle, Wash., for defendants.

## OPINION AND ORDER

ALFRED T. GOODWIN, District Judge:

This is a companion case to Maxey v. Washington State Democratic Committee, 319 F.Supp. 673 (W.D.Wash.1970), and has the same factual background. Plaintiffs are the Republican and Democratic chairmen of the King County Central Committees and certain precinct committeemen. They are aggrieved by the unrepresentative composition of their respective state committees. Action is brought under the Civil Rights Act, 42 U.S.C. § 1983, and jurisdiction is vested in this court by virtue of 28 U.S.C. § 1343(3) and (4). Joint motions for summary judgment were heard upon the filing of an agreed statement of facts.

Like the plaintiffs in Maxey, these plaintiffs allege that their voting rights have been infringed by the state committees. However, unlike the Maxey case, no challenge is here made to the delegate-selection formula used by the state committees to apportion delegates to the county and state conventions which elect national convention delegates. Rather, this action is a direct attack upon the composition of the state committees themselves, and involves a challenge to the constitutionality of RCW 29.42.020. The statute reads as follows: .

"The state committee of each major political party shall consist of one committeeman and one committeewoman from each county elected by the county committee at its organization meeting. It shall have a chairman and vice chairman who must be of opposite sexes."

Plaintiffs contend that the "county-unit" basis for electing the state committees dilutes their votes because the committee is a crucial and integral part of the state-created presidential election process. If a party's state committee is an integral part of the process, the plaintiffs contend that committee formation falls within the ambit of the one-man-one-vote principle and the present statutory selection method violates that principle.

This action was originally brought before a three-judge district court convened pursuant to 28 U.S.C. §§ 2281 and 2284. The theory was that the plaintiffs were seeking to restrain a "state officer," specifically the defendant C. Montgomery Johnson, from enforcing RCW 29.42.020. The action in its original form attacked the statute both on its face and as applied, and also contained an allegation that the delegate-selection formulas used by the state committees violated the one-man-one-vote principle. Defendant challenged the propriety of convening the three-judge court, on the ground that the defendant was not a "state officer" within the meaning of 28 U.S.C. § 2281.

In April of 1968, the three-judge court ruled that the challenged statute was constitutional and refused to pass on the delegate-selection formula. A motion to dismiss for failure to state a claim was granted, and leave to amend was allowed. In June 1968, the three-judge court reaffirmed its holding that the statute was constitutional and again declined to rule on the delegate-selection formula, in the belief that such a challenge should be brought before a single federal judge. The plaintiffs appealed directly to the Supreme Court on the issue of the constitutionality of the statute. On January 20, 1969, the Court, citing Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967), reversed and remanded for entry of a "fresh decree" which could be appealed to the Court of Appeals if plaintiffs so desired. Dahl v. Republican State Committee, 393 U.S. 408, 89 S.Ct. 680, 21 L.Ed.2d 629 (1969). A three-judge panel was deemed inappropriate because the

defendant was not a "state officer" as required by 28 U.S.C. § 2281.

Plaintiffs are now before a single judge and have reargued their attack upon the statute. After the remand by the Supreme Court, plaintiffs Ryherd and Pedersen were allowed to intervene and the Democratic State Committee was joined as a defendant.

In its present posture, this action now presents a direct attack upon the constitutionality of RCW 29.42.020. Plaintiffs no longer challenge any delegate-selection formula, past, present, or future. See, for such a case, Maxey v. Washington State Democratic Committee, 319 F.Supp. 673 (W.D.Wash.1970), decided this day.

This court's opinion with respect to the preliminary questions of standing, justiciability and state action is set forth in the decision in the *Maxey* case and will not be repeated here.

■■■ On the merits, I have considered all of the relevant authorities, including those Supreme Court decisions which have come down after the June 1968 Memorandum Order of the three-judge court upholding the constitutionality of RCW 29.42.020. I have concluded that the statute is constitutional. Accordingly, the action must be dismissed for failure to state a claim upon which relief can be granted.

I decided in *Maxey* that the state-created election process begins when the state committee calls the state convention and allocates delegates to the county party organizations. It follows that the election process has not yet commenced when the state committees are being organized.

Plaintiffs have argued here that the election process begins with the election of the state committees because those committees play an important role in the nominating phase of the presidential-election process. Having made this assumption, they then rely upon Gray v. Sanders, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963), and Hadley v. Junior College District, 397 U.S. 50, 90 S.

Ct. 791, 25 L.Ed.2d 45 (1970), for the proposition that the state committees are unconstitutional. I have concluded, however, that plaintiffs' basic assumption is incorrect. The election of the state committee is not an integral phase of the presidential-election process. National-convention delegates could be provided for if there were no state committee. *Gray* has no application. Also, since the state does not provide for the popular election of state committees, *Hadley* is inapplicable.

The controlling case is Sailors v. Board of Education, 387 U.S. 105, 87 S. Ct. 1549, 18 L.Ed.2d 650 (1967). In *Sailors,* school-board electors sought to apply the one-man-one-vote principle to the selection of a county school board. The county board members were selected by other locally elected school-district boards. The Supreme Court rejected the analogy to the *Gray* case, stating:

"We find no constitutional reason why state and local officers of the nonlegislative character involved here may not be chosen by the governor, by the legislature, or by some other appointive means rather than by an election * * *." 387 U.S. at 108, 87 S.Ct. at 1552.

The Court went on to say:

" * * * At least as respects nonlegislative officers, a State can appoint local officials or elect them or combine the elective and appointive systems as was done here. If we assume *arguendo* that where a State provides for an election of a local official or agency—whether administrative, legislative or judicial—the requirements of Gray v. Sanders and Reynolds v. Sims [377 U.S. 533, 84 S. Ct. 1362, 12 L.Ed.2d 506] must be met, no question of that character is presented. For while there was an election here for the local school board, no constitutional complaint is raised respecting that election. Since the choice of members of the county school board did not involve an election and since none was required for

these nonlegislative offices, the principle of 'one man, one vote' has no relevancy." 387 U.S. at 111, 87 S.Ct. at 1553.

Like *Sailors,* no challenge is here made to the initial election for precinct committeemen which is a preliminary to the selection of the county and state committees. Like *Sailors,* no statute requires a public election for these committees. Like *Sailors,* the functions performed by the state and county committees are primarily administrative in nature and concern themselves almost exclusively with the internal affairs of the political parties. No governmental or representative functions are performed by the state committees except insofar as they exercise their prerogative to appoint delegates to the national party conventions and thereby bring their actions within the rule announced in the *Maxey* case. For these reasons, and because the election of state committeemen by the county committees is not an integral phase of the state-created election process, I hold that the one-man-one-vote principle does not control the selection of the state committees of the major political parties.

This case falls within the rule announced by the Third Circuit in Lynch v. Torquato, 343 F.2d 370 (3d Cir. 1965):

"But the citizen's constitutional right to equality as an elector, as declared in the relevant Supreme Court decisions, applies to the choice of those who shall be his elected representatives in the conduct of government, not in the internal management of a political party. It is true that this right extends to state regulated and party conducted primaries. However, this is because the function of primaries is to select nominees for governmental offices even though, not because, they are party enterprises. The people, when engaged in primary and general elections for the selection of their representatives in their government, may rationally be viewed as

the 'state' in action, with the consequence that the organization and regulation of these enterprises must be such as accord each elector equal protection of the laws. In contrast, the normal role of party leaders in conducting internal affairs of their party, other than primary or general elections, does not make their party offices governmental offices or the filling of these offices state action which must satisfy the requirements of Gray v. Sanders." 343 F.2d at 372.

See, also, Rogers v. State Committee of Republican Party, 96 N.J.Super. 265, 232 A.2d 852 (1967); Azevedo v. Jordan, 237 Cal.App.2d 521, 47 Cal.Rptr. 125 (1965).

Finally, I note that a declaration that RCW 29.42.020 is unconstitutional would, if granted, leave the state political party organizations without any governing body other than the county central committees, and without any specific directions as to how the parties should organize on a statewide basis. Further, the relief sought would not necessarily accomplish the desired result since there is no reason to believe that the parties would organize on a one-man-one-vote basis simply because the strictures of RCW 29.42.020 are removed. A total reorganization of the state party structure would be required to implement any ruling this court might make at this time, and I feel that this kind of fundamental change should be undertaken, if at all, by the state legislature and the parties themselves rather than by the federal court.

For the above reasons, it is ordered that the defendants' motion for summary judgment is allowed, and the action is dismissed for failure to state a claim upon which relief can be granted. Neither party shall have costs.

SUMMARY JUDGMENT

Pursuant to the opinion filed this day, it is ordered:

1. The complaint of the plaintiffs against the defendants fails to state a

claim upon which relief may be granted and the plaintiffs' complaint is hereby dismissed with prejudice.

2. The intervening plaintiffs' complaint against the additional and third party defendants fails to state a claim upon which relief may be granted and the plaintiffs' complaint is hereby dismissed with prejudice.