**CONFEDERACION de la RAZA UNIDA, an unincorporated association, et al., Plaintiffs,**

v.

**CITY OF MORGAN HILL, a municipal corporation, et al., Defendants.**

**No. C–70 2495.**

United States District Court, N. D. California.

March 24, 1971.

Stephen Manley, Grace Kubota, Joel G. Schwartz, Edward Newman, San Jose, Cal., for plaintiffs.

Ernest Rusconi, Rusconi & Foster, Morgan Hill, Cal., for defendants.

## OPINION AND ORDER

SCHNACKE, District Judge.

The City of Morgan Hill, California has adopted a zoning ordinance, generally referred to as the "Hillside Ordinance", the effect of which is to regulate and restrict housing density in certain hilly and mountainous areas of the City. The stated purpose of the ordinance, which is not disputed by plaintiffs, is to "facilitate [the] orderly and creative development" of such areas and "to preserve and enhance the natural amenities which form the environment of the City of Morgan Hill" and the "integral part" which such areas play in "the City's pride". It is not alleged or asserted that the ordinance was adopted for any purpose other than those stated therein or that it was directed against any racial, ethnic or income group.

In addition to the limitation of housing density, the ordinance provides for the underground placement of utilities and the suitable planting of manufactured slopes, requires that due regard be had for geological instability of hillside construction and regulates other matters peculiar to the physical and esthetic character of the areas subject to the ordinance.

Plaintiffs, alleging themselves to be a group of persons of Mexican descent (although this appears to have no bearing on any of the issues presented) interested in obtaining low-cost housing for such persons in the City of Morgan Hill, obtained an option to acquire a tract of land which was subject to the Hillside Ordinance and formulated plans for the development of low-cost, multi-unit housing on such tract. These plans were submitted to the appropriate Federal officals and received approval for federally-assisted construction. The plans, however, required housing densities sub-

stantially in excess of those permitted by the Hillside Ordinance and a requested variance was denied by the City Council. As a result, the option expired by its terms.

In their complaint for declaratory relief and an injunction, plaintiffs claim that the Hillside Ordinance, as applied, is unconstitutional in that it deprives them of the equal protection of the laws by excluding them from occupying low-cost housing in the area covered by the Ordinance and violates the supremacy clause because it is in conflict with the policies established under the Federal Housing Act of 1937, as amended.

The complaint is now before the Court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

Certain preliminary matters may be disposed of before ruling on the principal grounds of defendants' motion.

■ Plaintiffs seek to have a three-judge District Court convened pursuant to 28 U.S.C. § 2281. However, it has long been held that a city ordinance is not a "State statute" within the meaning of that provision. Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322; Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643; Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701.

■ Secondly, defendants seek to have the action dismissed as moot on the ground that plaintiffs' option to acquire the particular tract in question has expired. However, plaintiffs assert a continuing purpose to promote low-cost housing projects of the type allegedly frustrated by the Hillside Ordinance and, in view of the prayer for declaratory relief and the breadth of the claims asserted by plaintiffs, it would appear better judicial administration to resolve the controversy at this time. Cf. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303; Southern Pacific Co. v. Interstate Commerce Commission, 219 U.S. 433, 31 S.Ct. 288, 55 L.Ed. 283. Because of the continuing

consequences flowing from the existence and continued enforcement of the Hillside Ordinance, its validity may be properly determined, and the controversy between plaintiffs and defendants with respect thereto is not moot. Cf. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554.

■ We thus reach the merits of plaintiffs' claims as set forth in the first amended complaint. We must do so with full recognition that the courts have traditionally recognized that zoning matters are of particular concern to, and the province of, the local communities involved and that the courts should interfere with the judgment of the local authorities only in the most extreme cases, and under the most extreme circumstances. This attitude goes back at least as far as Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, which plaintiffs rightly describe as the "landmark case" in the whole field.

■ It would be well again at this point to emphasize what the Hillside Ordinance does and does not do. It does not, on its face, by its expressed purposes, by its administration, or otherwise, discriminate against anyone on racial, ethnic or income grounds, and plaintiffs do not make any claim to the contrary. It does not, therefore, conflict with any of the purposes or provisions of Title VIII of the Civil Rights Act of 1968, 42 U.S.C., Chapter 45, nor do plaintiffs so assert.

Moreover, the Hillside Ordinance in no wise precludes the development of low-cost housing, in full conformity with the policies of the National Housing Act of 1937, as amended, in the City of Morgan Hill generally. The most that plaintiffs claim is that "The ordinance * * * effectively prevents the construction of low-cost housing *in certain areas*, and consequently excludes low-income families from residing *in those areas.*" (Quotation from plaintiffs' brief in opposition; emphasis supplied.) Reduced to its bald essentials, plaintiffs'

claim is that the Federal policies on low-income housing require that poor people be allowed to live wherever they like. The fact that legitimate zoning policies, based upon valid esthetic and other considerations adopted by local authorities, may make certain land expensive is, plaintiffs seem to argue, unlawful. The Court finds no such manifestation of intent in the National Housing Act or otherwise.

■ Nor do plaintiffs dispute the by now well-recognized right of the local authorities in zoning matters, and in matters of city planning generally, to take esthetic considerations into account. Indeed, it is common knowledge that numerous enactments and policies adopted by state and federal agencies alike in recent years have stressed the importance of proper urban planning and of preserving such of the natural amenities of the urban landscape as have survived many regrettable years of inattention to such vital concerns and the consequent development of urban blight and crowded slums and ghettoes. It would unduly prolong this opinion to refer to these at length. Suffice it to mention briefly the growing tendency to impose height restrictions, height-set back ratios, the preservation of "green belts", the creation of scenic easements, encouragement of planned unit developments, and the establishment of commercial-residential ratios, all of which have proceeded with the active encouragement and participation of federal agencies such as the Department of Housing and Urban Development proceeding under numerous Congressional authorizations and indeed mandates resulting in many instances from the demands of an aroused citizenry.

It may fairly be said that plaintiffs' position in this matter flies in the teeth of the motivations and considerations which have led to all these developments.

Plaintiffs' principal reliance is upon dicta in Southern Alameda Span. Sp. Org. v. City of Union Hill, Cal., 424 F. 2d 291 (9th Cir.), suggesting that "it is the responsibility of a city and its planning officials to see that the city's plan as initiated and as it develops accommodates the needs of its low-income families. * * *" Even assuming that equal protection of the law requires more than merely the absence of governmental action designed to discriminate [Norwalk CORE v. Norwalk Redev. Agency, 395 F.2d 920 (2nd Cir. 1968),] plaintiffs have alleged no basis on which relief may be given. No attack is made upon the overall housing plan of the City of Morgan Hill, yet it could only be in that context that any affirmative constitutional obligation of the City to deal with the needs of its residents could be appraised.

Nor is there merit in the contention of plaintiff that the ordinance is void for vagueness. It spells out in adequate detail the overall guidelines, properly leaving their specific application to be determined on a case by case basis.

Plaintiffs have failed to state a claim upon which relief may be granted.

The motion to dismiss is granted and the action is dismissed.