Jack **THOMPSON** and Judy Thompson, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

Charles **KEESEE**, Sheriff, Pike County, Kentucky, as representative of a class, and the **B. & L. Maytag Company,** of Pikeville, Kentucky, Defendants.

No. 1555.

United States District Court, E. D. Kentucky, Pikeville Division.

May 7, 1974.

Bertram Ervin Brown, II, John M. Rosenberg, Kent Hull, Prestonsburg, Ky., for plaintiffs.

R. Roland Case, Kelsey E. Friend Law Firm, Pikeville, Ky., for defendants.

Before LIVELY, Circuit Judge, MOYNAHAN, Chief District Judge, and HERMANSDORFER, District Judge.

## OPINION

PER CURIAM.

Four specific provisions of the Kentucky Revised Statutes (KRS) touching upon creditors' rights are challenged in this proceeding: KRS 425.120, 355.9–503, 355.9–504(1) and 355.9–505(2). We find that the attack upon KRS 425.120 is well made but that this three judge court lacks jurisdiction to consider the argument of invalidity as to the provision of Kentucky's Uniform Commercial Code enactments.

The facts are simple and undisputed. The plaintiffs Jack and Judy Thompson on October 2, 1969 entered into a conditional sales contract with the defendant B & L Maytag Company in Pike County, Kentucky, for the sale of one washer, one dryer, one stove and one refrigerator of the total retail value of $1,279.85 exclusive of sales tax and finance charges. On or about April 28, 1970 the defendant B & L Maytag Company commenced an action in the Pike Circuit Court alleging receipt of one month's payment only and seeking immediate repossession of the chattels. Without notice to the plaintiffs and under authority of KRS 425.120, the Circuit Court granted process for the immediate delivery of the chattels to the defendant B & L Maytag Company. Employees of that defendant in the company of a deputy sheriff repossessed the washer, dryer, stove and refrigerator from the plaintiffs.

■ Defendant B & L Maytag Company's counsel candidly admitted the lack of defense to the repossession under the binding precedent of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556 (1972). It is clear that plaintiffs possessed a property interest in the chattels described; and, however tenuous their right of possession might be, such property right cannot be divested by state action without due process. The provisions of KRS 425.120 do not provide for or require a hearing or for the opportunity for hearing before unilateral repossession may be ordered. This deficiency is clearly impermissible under the federal constitution; and, accordingly, we hold the statute, KRS 425.120, to be unconstitutional. It necessarily follows that the repossession stipulated by the parties was invalid. The question of damages, if any, has been severed from this action and will be considered upon appropriate motion by the district judge before whom that question is now pending.

■ The invitation to consider plaintiffs' arguments as to provisions of Kentucky Uniform Commercial Code, KRS 355.9–503, 355.9–504(1) and 355.9–505(2) are not properly before the Court. The authority of a three judge court is defined by 28 U.S.C. § 2281 which provides, in part:

> "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute . . . shall not be granted by a district court or judge thereof upon the ground of unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges. . . ."

■■ The plaintiffs Jack and Judy Thompson do not have standing to attack the provisions of the Uniform Commercial Code since it is clear the action against them was not under color of such provisions. It is asserted that plaintiffs' standing is as representatives of a class of persons offended by the self-help provisions of the Kentucky Statutes cited. Not being a member of a class, if one could be described, claiming deprivation of constitutional rights under such self-help statutes, plaintiffs cannot stand in a representative capacity for such class, nor can the defendant B & L Maytag Company be said to be representative of the class of probable defendants in such actions since it did not act against the instant plaintiffs by self-help. Plaintiffs ask, in effect, that this Court render an advisory opinion.

■■ The implications of self-help, as admitted by plaintiffs, under Kentucky Statutes may involve a legally and constitutionally permissible circumstance. The facts of a given case may or may not suggest the involvement of state action. Unless state action is involved and restraint of a state officer under state law is to be sought, the matter does not appropriately fit the statutory jurisdiction of a three judge court. See: Moody v. Flowers, 387 U.S. 97, 101–102, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967). No case or controversy involving the self-help provisions of the Kentucky law is presented by the plaintiffs. See: Flast v. Cohen, 392 U.S. 83, 95–106, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Rule 23, F.R.C.P. operates by logical construction to preclude a class action as to such disputed statutes under the facts presented. Because the myriad of hypothetical situations conceivably arising out of contract as well as under the Uniform Commercial Code present patently different factual possibilities, we find that it has not been shown that a class does exist having the essential commonality of like or similar questions of law and fact, either as to potential plaintiffs whose property might be repossessed by self-help or as to potential defendants who may or may not include state officers or those acting under color of state law.

Accordingly, it is ordered and adjudged that:

(1) KRS 425.120 is unconstitutional.

(2) The defendant Charles Keesee, Sheriff of Pike County, Kentucky and all those acting in the enforcement of said statute are hereby permanently enjoined from any prospective or further enforcement of KRS 425.120.

(3) The damage question is remanded to the district judge for determination as between the parties.

(4) The remainder of the complaint is dismissed for lack of jurisdiction and upon the other grounds cited in the Opinion.

(5) The question of costs is remanded to the district judge.